IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KRISTINA ELIZABETH DAVIS                                                    PLAINTIFF

v.                                    Civil No. 4:20-cv-4030

SHERIFF BRYAN MCJUNKINS, Howard
County, Arkansas; and INVESTIGATOR
JOEY DAVIS                                                                  DEFENDANTS

## ORDER

This is a civil rights action filed by Plaintiff Kristina Elizabeth Davis pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case is currently before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to the PLRA, the Court must screen any complaint in which a prisoner seeks redress from a governmental entity, officer, or employee. 28 U.S.C. § 1915A.

### I. BACKGROUND

Plaintiff is currently incarcerated in the Howard County Jail, awaiting trial on pending state criminal charges. (ECF No. 1, p. 4). She filed her Complaint on April 3, 2020. (ECF No. 1). Plaintiff alleges that she was falsely arrested for residential burglary in October 2019 and that "a deputy and Investigator [and] Sheriff" are aware that another person committed, and was subsequently arrested for, that crime. (ECF No. 1, p. 5). Plaintiff alleges that the owner of the home at which she was arrested called the sheriff and requested that she be released, but the request was ignored. *Id.* Plaintiff describes her claims in this case as false imprisonment and "disregard for rights on hearing/jury speedy trial." *Id.* at p. 4. She asserts her claims against Defendants in their official capacities only.

Plaintiff alleges that, after her arrest, Defendant McJunkins—the Howard County sheriff—told her that he was "the judge and jury" and that he would make sure that she received a maximum sentence. She alleges that he has been negotiating her sentence with the prosecutor's office and has prevented her from accessing her court-appointed attorney or discussing a plea bargain. She also says that her court-appointed attorney showed her a text message saying that her plea bargain was "up to [Defendant McJunkins]." She alleges that she asked her attorney why Defendant McJunkins was involved in her legal case and was told "that is just the way it is." Plaintiff appears to allege that the person who filed charges against her is related to Defendant McJunkins and "is in the Sheriff's pocket." *Id.* at pp. 5-6. Plaintiff also alleges that Investigator Joey Davis "[filed] false charges and imprisonment," and that he ignores real crimes and acts as an attorney. *Id.* at p. 7. She describes her official capacity claims against McJunkins and Davis as "using the law to harass me for personal reasons involved in my being frivolously charged." *Id.* at pp. 7-8.

Plaintiff seeks injunctive relief. She states that she wants a fair and speedy criminal trial in a different venue than Howard County. She also wants Defendant McJunkins and his investigators to no longer "be allowed on decisions of the courts after charges are filed." (ECF No. 1, p. 9). She also wants Defendants to be required to ensure that criminal charges are valid when they are filed.

## II. STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does

not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8 Cir. 1985).

### III. DISCUSSION

Plaintiff asserts official-capacity claims for false arrest/imprisonment and denial of a speedy criminal trial against Defendants. These claims relate to an ongoing state criminal proceeding against Plaintiff. Plaintiff's claims in this case challenge the validity of the pending state criminal proceedings against her, so the claims are barred by the so-called *Younger* abstention doctrine.

Generally, federal courts have a "virtually unflagging obligation" to exercise their jurisdiction in proper cases. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). "This exercise of jurisdiction is constrained, however, by traditional principles of equity, comity, and federalism." *Alleghany Corp. v. McCartney*, 896 F.2d 1138 (8th Cir. 1990). The United States Supreme Court has established several limited abstention doctrines to preserve such principles. *Beavers v. Ark. State Bd. of Dental Exam'rs*, 151 F.3d 838, 840-41 (8th Cir. 1998). One such abstention doctrine is set forth in *Younger v. Harris*, 401 U.S. 37 (1971).

The *Younger* doctrine "directs federal courts to abstain from accepting jurisdiction in cases where granting [equitable relief] would interfere with pending state proceedings" involving important state interests. *Night Clubs, Inc. v. City of Fort Smith, Ark.*, 163 F.3d 475, 477 n.1 (8th Cir. 1998). The *Younger* abstention doctrine reflects the public policy that disfavors federal court

interference with state judicial proceedings and is based on the principles of comity and federalism. *See Ronwin v. Dunham*, 818 F.2d 675, 677 (8th Cir. 1987).

Three factors must be determined affirmatively to warrant *Younger* abstention: (1) there must be an ongoing state judicial proceeding, that (2) implicates important state interests, and (3) the state proceeding must afford an adequate opportunity to raise the federal questions presented. *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996). If all three factors are met, the federal court must abstain unless it detects "bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982). This bad faith exception "must be construed narrowly and only invoked in extraordinary circumstances." *Aaron v. Target Corp.*, 357 F.3d 768, 778-79 (8th Cir. 2004) (internal quotation marks omitted).

The Court finds that the *Younger* abstention doctrine applies to Plaintiff in this case. She claims that she was falsely arrested for a crime she did not commit and that she is being denied a speedy criminal trial. These claims involve an ongoing state judicial criminal proceeding against her, the state of Arkansas clearly has an important interest in enforcing its criminal laws, and Plaintiff has given no indication that she cannot raise her constitutional claims during the state criminal proceedings. *Conley v. Hiland*, No. 4:15-cv-0359-SWW, 2015 WL 4096152, at *1 (E.D. Ark. July 7, 2015). There is also no indication of bad faith or any other extraordinary circumstance that would make *Younger* abstention inappropriate. Consequently, *Younger* applies to this case.

When a plaintiff seeks only injunctive relief, *Younger* "contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal, to the state courts."[1]

---

[1] In contrast, for cases where damages are sought in the federal suit, "traditional abstention principles generally require a stay as the appropriate mode of abstention." *Night Clubs, Inc.*, 163 F.3d at 481 (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996)).

*Gibson v. Berryhill,* 411 U.S. 564, 577 (1973). Plaintiff does not seek compensatory damages and only seeks injunctive relief in this case, namely, that she be afforded a speedy criminal trial in a venue other than Howard County and that Defendants be prohibited from interfering with criminal cases. Accordingly, the Court finds Plaintiff's claims are barred by the *Younger* doctrine and should dismissed. 28 U.S.C. § 1915A(b).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 21st day of April, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge